UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREGORY WAYNE SMITH                         CIVIL ACTION NO. 14-cv-0093

VERSUS                                      JUDGE STAGG

STATE OF LOUISIANA, ET AL                   MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Gregory Wayne Smith ("Plaintiff"), who is self-represented, filed this action to complain about his dismissal as a nursing student at the Northwest Louisiana Technical College. Documents attached to Plaintiff's complaint show that there were charges that Plaintiff displayed poor attitude and communication skills with co-workers, which led to his discharge from the program. Plaintiff admits that he suffers from paranoid schizophrenia and says it was aggravated by the stress of the nursing program. He alleges that his discharge was unlawful because it was based on his gender. He seeks $1,200,000 in damages.

Attorney General James D. "Buddy" Caldwell is not named in the caption of the complaint, but his name is the only one listed as a defendant in the body of the complaint. Caldwell has filed a Motion to Dismiss (Doc. 10) on the grounds that the complaint does not state a claim against him on which relief may be granted. The complaint does not allege that Caldwell had any role in Plaintiff's discharge, but letters from Caldwell's office are among the many exhibits to the complaint. The exhibits show that Plaintiff sent two grievances to the Attorney General's office about his dissatisfaction with the school's decisions. The Attorney General's Consumer Protection Section replied that the issues raised were outside

the scope of authority granted to the office, and it was recommended Plaintiff consult a private attorney to evaluate any legal remedies he might have.

The Attorney General argues that the complaint simply fails to state an actionable claim against him. Plaintiff filed an opposition to the Attorney General's motion to dismiss, but he did not articulate any factual or legal basis on which Attorney General Caldwell could possibly be liable for the nursing school's decision to expel Plaintiff. The Attorney General's motion should, therefore, be granted.

It is also recommended that the court, on its own motion, dismiss all remaining claims in the complaint. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Plaintiff has not alleged any facts that would allow a claim of gender discrimination under federal law. He complains, for example, that he wrote the regional director to complain that the scrubs used by the program, colored sage or lime green, did not reflect a male perspective in the nursing program. Plaintiff also complains that he did not bother to appeal certain decisions because the chain of command was all female. These facts simply do not present any plausible claim for legal relief under the standard set forth in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). A nursing student is not entitled to insist on a

particular color of uniform or that his supervisors be any particular gender. For these reasons, the remaining claims in the complaint should also be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Attorney General Caldwell's **Motion to Dismiss (Doc. 10)** be **granted** and that all claims against Caldwell be **dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that the court, on its own motion, **dismiss all remaining claims** presented in the complaint for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of May, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge